IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 26 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

LUCINDA SCOTT,                        §
                                      §
          Petitioner,                 §
                                      §
VS.                                   §   NO. 4:14-CV-317-A
                                      §
JODY UPTON, WARDEN,                   §
FMC CARSWELL,                         §
                                      §
          Respondent.                 §


## MEMORANDUM OPINION
### and
### ORDER

        Petitioner, Lucinda Scott, filed this petition for writ of
habeas corpus pursuant to 28 U.S.C. § 2241.  The court must order
a respondent to show cause why a petition pursuant to § 2241
should not be granted "unless it appears from the [petition] that
the [petitioner] or person detained is not entitled thereto."  28
U.S.C. § 2243.  Having considered the petition and the applicable
legal authorities, the court concludes that it appears from the
face of the petition that petitioner is entitled to no relief.

        As stated in the petition, petitioner in 2011 was convicted
of conspiracy to distribute narcotics and sentenced to a term of
imprisonment of ten years.  Petitioner has served three years,
with seven years remaining on her sentence.  Petitioner is
presently incarcerated at FMC-Carswell, and she states that she

has filed this action "petitioning the conditions of my
confinement." Pet. at 1. Petitioner contends that she is sixty-
eight years old, has high blood pressure, in 2010 had her leg
partially amputated, and is confined to a wheelchair. Petitioner
alleges that the prison is overcrowded, is not handicap
accessible, and lacks twenty-four-hour medical staff. Petitioner
claims that she is not provided with the appropriate diet and
does not receive timely medical care.

The petition raises the following grounds for relief: (1) "I
may die before I complete my sentence," id.; (2) petitioner's
health is failing; and (3) "Home confinement or supervised
release." Id. at 2. The only relief requested in the petition
is "immediate release or home confinement or supervised
[release]" so petitioner can receive "appropriate medical care to
prolong my life." Id. at 3.

A petition pursuant to § 2241 may be granted only if the
prisoner "is in custody in violation of the Constitution or laws
or treaties of the United States." 28 U.S.C. § 2241(c)(3). In
contrast, "habeas corpus is not available to prisoners
complaining only of mistreatment during their legal
incarceration." Granville v. Hunt, 411 F.2d 9, 12 (5th Cir.
1969). The "sole function" of a habeas petition is relief from
unconstitutional custody, and "it cannot be used for any other

purpose." <u>Cook v. Hanberry</u>, 592 F.2d 248, 249 (5th Cir. 1979)
(per curiam).  Allegations complaining of the rules, customs, and
procedures affecting conditions of confinement or treatment of
prisoners are properly brought in a civil rights action.  <u>Spina</u>
<u>v. Aaron</u>, 821 F.2d 1126, 1127-28 (5th Cir. 1987).  Hence, "[i]f a
favorable determination . . . would not automatically entitle
[the prisoner] to accelerated release," the proper course for the
prisoner is a civil rights action.  <u>Carson v. Johnson</u>, 112 F.3d
818, 820-21 (5th Cir. 1997) (ellipses and brackets in original).

Although characterized as a petition pursuant to § 2241, the
petition makes clear that petitioner believes staff at the FMC
Carswell have failed to provide adequate or appropriate medical
care, although the petition does not specify the treatment
petitioner believes she should have, but has not, received.  The
only relief requested by petitioner is release to obtain medical
care.

The Fifth Circuit has addressed a similar issue, where a
prisoner sought release through a petition pursuant to § 2241,
wherein she requested compassionate release due to her medical
condition.  <u>Figueroa v. Chapman</u>, 347 F. App'x 48, 50 (5th Cir.
2009).  The court affirmed the district court's denial of the
petition, holding that, unless the § 2241 petition alleged that
the prisoner was in custody in violation of the Constitution,

3

laws, or treaties of the United States, the petition could not be granted.  Because the petition was grounded on the petitioner's medical needs, denial was appropriate, as "[a] compassionate release request is not a matter of illegal or unconstitutional restraint."  Id.

    The same result is warranted here.  The petition does not alleged that petitioner is in custody as a result of a constitutional violation.  Instead, the sole basis of the petition is the purported failure of the Bureau of Prisons to provide appropriate medical care, and the request for immediate release has as its goal obtaining that care.  In other words, petitioner seeks release based solely on her medical needs. Accordingly, § 2241 is not the proper means by which petitioner may obtain the relief she seeks, and the court is unable to grant such relief.  Figueroa, 347 F. App'x at *50.

    Petitioner's claims of inadequate or inappropriate medical care pertain to the conditions of her confinement, not the constitutionality of her custody.  Because petitioner complains only of the conditions of her confinement, and a favorable determination would have no effect on her projected date of release, her claims are not cognizable under § 2241.  If petitioner wishes to pursue claims pertaining to the alleged failure of the Bureau of Prisons to provide adequate medical

4

care, or regarding other conditions of her confinement, she must do so by filing an appropriate civil action and paying the applicable filing fee.

Therefore,

The court ORDERS that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Lucinda Scott be, and is hereby, denied.

SIGNED June 26, 2014.

JOHN McBRYDE
United States District Judge

5